Merrimack
No. 7036

SMITH COVE ASSOCIATION

v.

SPECIAL BOARD AND MANELAOS MAKRIS

January 31, 1976

*Snierson, Chandler & Copithorne (Mr. John P. Chandler* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Donald W. Stever, Jr.,* assistant attorney general *(Mr. Stever* orally), for the defendant Special Board.

*James D. O'Neill,* by brief and orally, for the defendant Makris.

DUNCAN, J.   By this petition for a writ of mandamus, the plaintiff association seeks to compel the defendant board as provided by RSA 482:41-g *(See* Laws 1971, 329:1) to request the attorney general to petition the superior court to order removal of certain wharves or piers at a site on land of the defendant Makris. The plaintiff alleges that the site is below the mean high water level of the waters of Lake Winnipesaukee, and that the defendant Makris has no grant from the Governor and Council as provided by RSA 482:41-f. The defendants moved to dismiss upon grounds that the plaintiff's remedy is by petition for a writ of certiorari; and that the duty of the defendant board under RSA 482:41-g is discretionary and may not be compelled by mandamus. The motion to dismiss was heard by a Master *(Leonard C. Hardwick,* Esq.) under date of

February 4, 1974, whose recommendation that the action be dismissed was approved by the Superior Court *(Batchelder,* J.). The plaintiff's exceptions were reserved and transferred by the presiding justice.

In this court the defendant board moved to enlarge the record to include certain proceedings before the board in March and June of 1972, culminating in the issuance of a permit to the defendant Makris; and the plaintiff moved to strike from the defendants' briefs various references to those proceedings. Thereafter the defendant board moved for leave to withdraw its motion for enlargement of the record. The plaintiff at oral argument urged that the case be remanded to the superior court "for further pleadings and full fact findings on all issues", if consideration is to be given to plaintiff's Requests for Admission of Relevant Facts on file in the superior court.

Pursuant to Superior Court Rule 51 (RSA 491:App. R. 51 (Supp. 1975)) the plaintiff filed Requests for Admission of Relevant Facts under date of October 19, 1973. These included request number 6 as follows: "Defendant Makris claims the right to construct the concrete wall and the wharves or piers identified in Paragraphs 1 and 2 above under and by virtue of Permit No. G-73, of which a copy is attached to these requests." Permit No. G-73 purports to be the authorizing permit issued by the Special Board. No objection was made to the eight requests so filed, and under Rule 51 they are deemed admitted for purposes of the case. Under these circumstances they could properly be considered by the trial judge in ruling on the motion of the defendants to dismiss the petition. *Aldrich v. Beauregard & Sons,* 105 N.H. 330, 340, 200 A.2d 14, 21 (1964).

There is no transcript before us of the hearings before the master and the court. It is reasonable to assume that admitted facts which appear from the plaintiff's Requests for Admission were not ignored by the master or the court. In any event, it is not now disputed that the defendant Makris relied upon the permit from the defendant board for whatever changes he proposed to make in the channel lying within his land. The requested admissions suggest that the wharves in question were to be connected to a retaining wall along the sides of a preexisting channel leading from the lake and bounded on three sides by land of the defendant Makris.

In passing upon the defendant Makris' application, the board had to decide the preliminary question of its jurisdiction to act. RSA 482:41-e (Supp. 1975) (Placing Fill in Public Waters), which

expressly states that "the provisions of this subdivision shall apply to the construction of wharves or piers", prohibits all persons from placing fill "below the mean high water level of any public waters . . . except as provided in this subdivision". RSA 482:41-f (Grant of Right) provides that "the governor and council, . . . upon the recommendation of the water resources board [now Special Board], may, . . . grant to an owner of shoreline on public waters, the right to place fill in the bed of such pond before his shoreline." *Cf.* RSA 488-A:2, ("owner" dredging "before his shoreline".)

RSA 483-A:1 provided that no person shall "excavate, remove, fill or dredge any bank, flat, marsh, or swamp in and adjacent to tidal waters." By RSA ch. 483-A as amended in 1970 (Laws 1970, 22:1), the chapter was made applicable to "the waters and adjacent areas within this state". RSA 483-A:1-a (Supp. 1975). Under that amendment, no person may excavate, remove, fill or dredge "wherever fresh water flows or stands . . . including the portion of any bank or shore which borders such surface waters" (RSA 483-A:1-a II (Supp. 1975)) without permission from the water resources board (now Special Board) after hearing. RSA 483-A:2 (Supp. 1975).

It has not been established whether or not the defendant Makris was properly authorized by the Special Board, or whether a grant by Governor and Council under RSA ch. 482, was required because the wharves attached to the permitted construction are in "public waters" (RSA 482:41-e (Supp. 1975)) or are "in the bed of such [public] pond before his shoreline" (RSA 482:41-f).

As this court pointed out in *Hilton v. Special Board,* 111 N.H. 381, 384, 284 A.2d 917, 919 (1971): "[T]here may be cases in which the line of demarcation between jurisdiction of the Governor and Council . . . under RSA 482:41-e (supp.) and 41-f and of the Special Board under RSA 483-A (supp.) will be unclear." *See also Yoffe v. Special Board,* 113 N.H. 169, 304 A.2d 876 (1973). A party should not be free to skirt the prescribed procedure for review, at least where the action of the board is arguably authorized by statute, and the reviewing body is competent to resolve the issue.

It would be an exercise in futility for this court to act upon the defendants' exceptions solely upon the pleadings now before us, as if oblivious to facts of record which may be decisive of the real issue between the parties on the merits. Until the underlying facts have been determined, no occasion for the interpretation of RSA 482:41-g, or for enforcement of its provisions, will be presented.

In accordance with the plaintiff's request at argument the case is

remanded to the superior court "for further pleadings and full fact findings on all issues".

*Plaintiff's exceptions overruled nisi; remanded.*

All concurred.