Coos Probate Court,
No. 5183.

IN RE LAWRENCE G. MASSEY, SR. ESTATE.

Argued November 6, 1963.
Decided December 3, 1963.

*J. L. Blais* for Jean Paul Poisson, d/b/a Eagle Oil Company, a creditor of the estate of Lawrence G. Massey, Sr., furnished no brief.

*Arthur O. Dupont* and *Robert D. Calamari* (*Mr. Calamari* orally), for Rejeanne D. Fletcher, guardian of the person and property of Lawrence G. Massey, Jr.

KENISON, C.J.   This is an agreed case in which counsel have stipulated the facts and the legal issue to be decided thereon "in

order that the above estates may be settled as expeditiously and inexpensively as possible." *In re Peterson Estate*, 104 N. H. 508. See Annot. 97 A. L. R. 301; *Powell* v. *T. A. & C. Taxi Co.*, 104 N. H. 428; *Lariviere* v. *New Hampshire Fire Ins. Co.*, 105 N. H. 73.

In this case the deceased policeman died from natural causes and "not as a result of an injury received in line of duty." At the time of his death he "was a widower and was survived by one son, Lawrence G. Massey, Jr." who was then nineteen years of age. The payment of the $2,483.61 by the Police Retirement Board represents a refund of the payments made by the deceased policeman before he became eligible for retirement, although it has been referred to in the record as a "lump-sum benefit" or a "lump sum" or "the fund." The pertinent part of the controlling statute (RSA 103:16) provides as follows: ". . . and *the estate* of any such permanent policeman who may die before becoming eligible for retirement, not as the result of an injury received in line of duty, shall be entitled to receive from the retirement fund all payments made thereto by him. . . ." (Emphasis supplied). It is reasonably clear from this section that the payment of $2,483.61 belongs to the estate of the deceased policeman, Lawrence G. Massey, Sr., and not to the guardian of his nineteen-year-old son.

The guardian of the son contends, however, that a liberal reading of the compensation section (RSA 103:15; Laws 1957, 189:4) should prefer any minor child under twenty-one years of age over creditors "even though the statute does not state this explicitly." The difficulty with this argument is that that section, if controlling, specifically limits the payments to a minor child "under the age of eighteen years" or until he shall "reach the age of eighteen years." This limitation on payments to minors has been consistently followed from the time of the first policemen's retirement act. Laws 1941, *c.* 166, *s.* 13; R. L., 221:13; RSA 103:15; Laws 1957, 189:4. We can agree that retirement statutes should receive a hospitable construction in cases of doubt but this is not a roving judicial commission to override specific legislative limitations under the guise of statutory interpretation. *Wesson* v. *Nashua Police Ass'n*, 103 N. H. 104; *Opinion of the Justices*, 102 N. H. 75; *Keefe* v. *Retirement Board*, 99 N. H. 224.

The probate court is advised that the fund which became payable by the Police Retirement Board, by reason of the death of

Lawrence G. Massey, Sr., on March 19, 1961, constitutes an asset of his estate payable to his administrator.

*Remanded.*

All concurred.