Belknap,
No. 5431.

PAUL R. McGRATH, *Adm'r estate of Anna G. McGrath*

*v.*

FRANCIS J. McGRATH & *a.*

Argued May 3, 1966.
Decided June 30, 1966.

*Snierson & Chandler* and *Philip S. Hollman* ( *Mr. John P. Chandler* orally ), for the plaintiff.

*Cooper, Hall & Walker* and *Jerry L. Thayer* ( *Mr. George W. Walker* orally ), for the defendants.

KENISON, C. J. This is an agreed case in which the facts are stipulated by the parties and the Court ( *Griffith,* J. ) transferred without ruling the question of law raised thereby. See *Powell* v. *T. A. & C. Taxi Co.*, 104 N. H. 428, 429; *Lariviere* v. *New Hampshire Fire Ins. Co.*, 105 N. H. 73; *In re Massey Estate*, 105 N. H. 181, 183.

On September 6, 1955 the plaintiff's decedents agreed to sell and the defendants agreed to buy the formers' land, buildings and personal property in Alton, New Hampshire, being a general store and restaurant together with stock in trade, good will, restaurant fixtures and other personal property located on the premises, except furniture located in the apartment above the store. The contract provided that the agreed price was $52,000, of which $15,000 was paid on the passage of title and the balance in weekly payments of $45 each, including both principal and interest, secured by a second mortgage. The contract contained the following clause which is in dispute in these proceedings: " It

is further agreed that the balance remaining on second mortgage upon death of survivor of parties of first part, [Francis James McGrath and Anna G. McGrath] shall be considered as paid in full."

A deed was given in conformance with the contract to buy and sell. Payments were made by the defendants in accordance with the contract of sale during the lifetime of the decedents and the survivor of them. Francis J. McGrath died April 4, 1957 and Anna G. McGrath died November 15, 1962.

The reserved case reads in part as follows: "The plaintiff is the administrator of the estate of Anna G. McGrath, and claims that the provision in the agreement quoted above reciting that upon the death of the survivor of the two sellers that the mortgage would be considered as paid in full is invalid and of no effect because it constitutes a testamentary disposition of a portion of the estate of Anna G. McGrath, and that while he does not contest the validity of the execution of the agreement in this matter, he asserts that this agreement may not be construed as properly transferring, either inter vivos or in expectation of death or as a testamentary disposition any interest in the property of Anna G. McGrath.

"The Court transfers this question without ruling. If the Supreme Court decides against the plaintiff upon this question, there will be judgment for the defendant."

The weight of authority supports the validity of an agreement contemporaneous with a debt or a legal obligation that such obligation shall be extinguished or terminated by the death of the creditor or the obligee. *In re Lewis' Estate*, 2 Wash. 2d 458; *Miller* v. *Allen*, 339 Ill. App. 471; *Symmonds* v. *Pacific Homes*, 224 Cal. App. 2d 507 (1964); Annot. 127 A.L.R. 634. "An agreement on the part of the creditor that the balance owed at the creditor's death is considered paid or shall not be collected is usually upheld if it is part of the original loan agreement. Likewise a provision in a land contract that the balance of the purchase price unpaid at the vendor's death is forgiven has usually been upheld on a contractual basis . . . . " Atkinson, Wills 195 (1953); *Daugherty* v. *Preuitt,* 113 Okla. 66; 1 Page, Wills *s.* 6.17 (Bowe-Parker *rev.* 1960). Where a note given as part payment for the purchase of a restaurant specified that if pay-ee predeceased the maker, the outstanding balance of the note would be deemed to have been paid, it was held in *Nunnally* v.

*Wilder,* 330 F. 2d 843 ( D.C. Cir. 1964 ) that no liability existed on the note following the death of the maker. The condition that the obligation of payment terminates on the death of the creditor is contractual and not testamentary. See *Reynolds* v. *Chase,* 87 N. H. 227, 230.

The governing principles were succinctly summarized in 6 Corbin, Contracts, *s.* 1267 ( Rev. *ed.* 1962 ) as follows: " There are cases in which a creditor provides that the contract shall be ' null and void, ' or that the debtor shall be discharged, in case of the creditor's death before making demand, or before the ' due date, ' or before actual payment is made. In such cases the provision is a valid one ( not an attempt at a testamentary disposition ); the death, occurring as specified, operates as a discharge of the contractual obligation by condition subsequent to that obligation. If the provision is that death shall discharge even though it occurs after the debt falls due, the death is a true condition subsequent to the debtor's duty of immediate performance."

In the present case the parties entered into a commercial arrangement whereby the defendants acquired for a valuable consideration a going business. Pursuant to their written contract to buy and sell, the defendants paid $15,000, received a deed and agreed to pay the balance of principal and interest in weekly payments of $45 secured by a second mortgage. In compliance with the contract and the second mortgage these payments continued to be made during the lifetime of the vendors and the survivor of them. The provision in the agreement "that the balance remaining on the second mortgage upon death of survivor of [the vendors], shall be considered as paid in full " was not an attempted testamentary disposition in violation of the statute of wills. *In re Lewis' Estate,* 2 Wash. 2d 458. It "was merely a limitation, by agreement, on the purchaser's duty to pay. " 3A Corbin, Contracts, *s.* 741, *pp.* 449-450, n. 4.5 ( Rev. *ed.* 1960 ).

The mere fact that a property owner disposes of his estate under a business arrangement which gives him weekly payments for his lifetime, does not make the business arrangement an invalid testamentary disposition. In the normal course of events persons will use a deed, mortgage, note or contract as a substitute for accomplishing the same purpose by will. When a will is employed we require compliance with the statute of wills. But when a contractual undertaking is employed we do not declare it invalid

because it accomplished in part what could have been accomplished by the use of a will. It is as important that contractual undertakings be upheld as it is to demand a clear demonstration of testamentary intent. " In any event, the two are not the same. " *Nunnally* v. *Wilder*, 330 F. 2d 843, 847 ( D.C. Cir. 1964 ).

In accordance with the terms of the reserved case the order is

*Judgment for the defendants.*

All concurred.