292

Original
No. 6662

ASSOCIATED GENERAL CONTRACTORS OF
NEW HAMPSHIRE, INCORPORATED

v.

STATE OF NEW HAMPSHIRE AND
PUBLIC WORKS WAGE APPEAL BOARD

June 22, 1973

*Sulloway, Hollis, Godfrey & Soden* and *John C. Ransmeier (Mr. Ransmeier* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* attorney (*Mr. Cleaveland* orally), for the defendants.

LAMPRON, J. Petition to vacate and set aside a decision of the appeal board under RSA ch. 280 (Supp. 1972) which regulates minimum wages of employees in public works. Plaintiff contends that the board's decision is unlawful and unreasonable in the light of the evidence, the administrative procedure, and the failure to conform with governing laws.

On January 29, 1973, the labor commissioner made a determination of the minimum wage rates to be paid in connection with the proposed construction of a new education training complex for the Laconia State School. The plaintiff appealed from the commissioner's determination. The appeal

board heard the matter de novo on February 23, 1973 (RSA 280:3 (Supp. 1972)), and arrived at the same wage rates for laborers, carpenters and iron workers as those set by the commissioner. The board similarly concluded that union wages should be used as the rate for operating engineers to be determined, however, by a different contract than that used by the commissioner.

Prior to its amendment by Laws 1971, 128:1, RSA ch. 280 required that the minimum wages to be paid were to be not less than the wages paid to similar employees in the municipal service in the area of the project in question, and that if the project were situated in two or more areas the minimum wages were to be no less than wages in the area paying the highest rate. Furthermore, if in any of these areas wage rates had been established by collective agreements or understandings between organized labor and employer, the rates were not to be less than the rates so established. Finally in areas where no such rates had been established, the minimum rates were to be no less than those paid in the area to the employees in the same trades and occupations by private employers engaged in the construction industry. *Union School District v. Comm'r of Labor,* 103 N.H. 512, 176 A.2d 332 (1961).

The above amendment was entitled "An Act Limiting The Provisions Of The New Hampshire Little Davis-Bacon Act To Certain Projects And Equating The Same With The Federal Law" and took effect May 20, 1971. Laws 1971, ch. 128. Before its enactment, 1971 House bill 328 was referred to a conference committee of the senate and house of representatives. In his motion to approve the report of this committee, Senator Bradshaw made in part the following statement: "We have gone to the phraseology of the federal Davis-Bacon Act [40 U.S.C.A. § 276a] which does spell out prevailing rates . . . and now, we have a law that is very similar to that of the federal statute." N.H.S. Jour. 720 (1971). The *Journal* of the house of representatives referred to the conference report as "HB 328, limiting provisions of the New Hampshire Little Davis-Bacon Act to certain projects and equating the same with the federal act." N.H.H.R. Jour. 1124 (1971).

The new method of determining the minimum wages to be paid on public works covered by the act (i.e., contracts

over $500,000) is substantially the same formula as contained in the federal act. "[T]he minimum wages to be paid . . . shall be based upon wages that will be determined by the labor commissioner to be prevailing for the corresponding classes of mechanics, teamsters, chauffeurs and laborers employed on projects of a character similar to the contract work in the city, town, village or other civil subdivision in which the work is to be performed." RSA 280:1 (Supp. 1972). In the light of the statute's legislative history and its wording, it is clear that minimum wages under this amendment are to be determined by standards similar to those used under the Davis-Bacon Act. 40 U.S.C.A. 276a. Hence regulations and court decisions under the latter should provide guidance for the application of our State act. *Mann v. Carter*, 74 N.H. 345, 68 A. 130 (1907); 50 Am. Jur. *Statutes* §§ 458-62 (1944).

Both acts provide that the minimum wage is to be that prevailing "in the city, town, village or other civil subdivision in which the work is to be performed." However, if there is no comparable project in the immediate locality or if the project in question is such that the labor supply in the locality may be insufficient to furnish the requisite number of skills, the commissioner and the appeal board may extend the canvass of wages paid beyond the limits of the immediate locality if necessary to determine a realistic prevailing wage. *See United States v. Binghampton Constr. Co.*, 347 U.S. 171, 98 L. Ed. 594, 74 S. Ct. 438 (1954); Tyson, *Prevailing Wage Determinations in the Construction Industry: Some Legal Aspects*, 1952 Wis. L. Rev. 440, 450 (1952). In the locality or area selected the prevailing rates are (a) the rates paid to the majority of those employees in that craft on similar projects, (b) in the absence thereof, the wages paid to the greater number if it constitutes 30 percent, or (c) if less than 30 percent, then the average rate paid. *See* 29 Code Fed. Reg. § 1.2, at 16 (1972).

The record reveals that the board heard considerable evidence as to wage rates in Laconia, where the project in question is to be built, and in the surrounding area. The number of employees paid a specific rate on particular projects was also in evidence. There was testimony pertaining to the manner employed under the Davis-Bacon Act to arrive at the prevailing rate. We find no arbitrary or discriminatory

admission or exclusion of evidence by the board. Nor do we find on the record that the plaintiff was denied a fair hearing or that the board's determinations were not supported by the evidence. Hence the determinations of the board of appeal are to stand. *United States v. W.S. Barstow & Co.,* 79 F.2d 496 (4th Cir. 1935); *Hood & Sons v. Boucher,* 98 N.H. 399, 101 A.2d 466 (1953); *Pomponio v. State,* 106 N.H. 273, 209 A.2d 733 (1965).

*Petition denied.*

All concurred.