Hillsborough
No. 6635

SEPPALA & AHO CONSTRUCTION CO., INC.

v.

CITY OF NASHUA & a.

June 29, 1973

*Leonard & Harkaway* and *Gerald R. Prunier (Mr. Prunier* orally) for the plaintiff.

*H. Philip Howorth,* city corporation counsel, by brief and orally, for the defendants.

KENISON, C.J. This is an agreed case in which the facts are stipulated by the parties, the court returned a verdict for the plaintiff in the amount of $38,315.72 in its breach of contract action for public works against the defendants, and the exception to the denial of defendants' motion to set aside the verdict was reserved and transferred by *Morris,* J. *See Powell v. T.A.&C. Taxi Co.,* 104 N.H. 428, 188 A.2d 654 (1963); *In re Massey Estate,* 105 N.H. 181, 196 A.2d 46 (1963); *McGrath v. McGrath,* 107 N.H. 242, 220 A.2d 760 (1966).

The agreed statement of facts is as follows: "1-4. In September, 1970, the defendant, City of Nashua, issued invitations to bid on a new fire station located on Conant Road, Nashua, New Hampshire. Plaintiff was low bidder on said job. On the twentieth day of October, 1970, the defendant, the City of Nashua, by its Board of Fire Commissioners and the Aldermanic Lands and Building Committee, executed a contract with the plaintiff, Seppala & Aho Construction Co., Inc., for the construction of the New Fire Station. Neither the advertisements nor the contract documents actually executed for construction of the New Fire Station contained any schedule of wage rates for the payment of labor to be employed on these projects.

"5-8. In the absence of any such schedules, the plaintiff in its bids and joint proposal assumed the jobs were 'non-rated' and applied wage scales for such 'non-rated' construction project. After construction had commenced, and on or about February 2, 1971, plaintiff was advised by the New Hampshire Labor Department that wage schedules were applicable, and that defendant should have applied for same before advertising for bids, but that it had failed to do so: On or about February, 1971, the New Hampshire Labor Department furnished plaintiff with a schedule of wages to be applied to the New Fire Station Project. As a result of the wage schedules that applied to the New Fire Station

Project, the plaintiff was required to expend the additional sum of Thirty-Eight Thousand Three Hundred Fifteen Dollars and Seventy-Two Cents ($38,315.72)."

RSA ch. 280, prior to its amendment in 1971, provided minimum wages for employees in public works constructed by the State or a municipality. RSA 280:2 placed certain duties on the officials of municipalities in connection with contracts for public works as follows: "At least ten days before asking for bids the authorized officials or agency prescribing specifications shall request the labor commissioner to determine the minimum wage rates as provided in section 1. . . . In advertising or calling for bids for said works, the awarding official, or public body, shall incorporate said schedule in the advertisement or call for bids by an appropriate reference thereto, and shall furnish a copy of said schedule, without cost, to any person requesting the same. Said schedule shall be made a part of the contract for said works and shall continue to be the minimum rates of wages for such employees during the life of the contract."

The defendant contends that RSA ch. 280 is for the benefit of the employees only and that there was no duty on the municipality to inform the plaintiff of the wage schedules called for by RSA ch. 280. Whatever may be the rule under other statutes, we believe the defendants' contention must fall in view of the language of the statute and our decisions. In *Concord v. Peerless Ins. Co.,* 110 N.H. 497, 499, 272 A.2d 588, 589 (1970), it is stated that: "It is clear that this statute imposed a positive duty on an official of the city . . . to obtain a schedule of such minimum wage rates and to incorporate it in the advertisement for bids on public works and to make it a part of the construction contract." This positive duty was not complied with in the present case and the verdict rendered for the plaintiff must stand. *Union School Dist. v. Commissioner of Labor,* 103 N.H. 512, 176 A.2d 332 (1961); Annot. 18 A.L.R.3d 944 (1968); *see Associated Gen'l Contractors v. State,* 113 N.H. 292, 306 A.2d 204 (1973).

There is nothing in the stipulated facts upon which it can be held that the plaintiff is estopped from claiming reliance upon the defendants' failure to inform him of the prescribed wages for this project. In view of the result reached it is

364

unnecessary to consider other arguments raised by the defendants.

The denial by the trial court of the defendants' motion to set aside the verdict was proper and the order is

*Exceptions overruled; judgment for the plaintiff in the amount of $38,315.72*

All concurred.