Wage Rate Appeal Board
No. 78-287

## R. S. AUDLEY, INC., & a.

### v.

## THE STATE OF NEW HAMPSHIRE

November 14, 1979

*Eaton, Moody, Solms & Mills*, of Manchester (*Robert I. Eaton* orally), for the plaintiffs, R. S. Audley, Inc., and Weaver Bros. Construction Co., Inc.

*Thomas D. Rath*, attorney general (*Jeffrey R. Cohen*, attorney, orally), for the State.

PER CURIAM. This case concerns the standards to be used in setting wage rates under RSA ch. 280. It comes to us on a motion by the State as defendant, see *Melton v. Personnel Comm'n*, 119 N.H. 272, 401 A.2d 1060 (1979), asking this court to dismiss plaintiffs' petition in the nature of an appeal from a decision of the public works wage rate appeal board, RSA 280:3, and to refuse plaintiffs a writ of certiorari.

On May 29, 1978, the commissioner of labor, responding to a request from the commissioner of public works and highways, set the minimum wages to be paid to laborers on two public works projects in Strafford County at $8.21 per hour, including fringe benefits. RSA ch. 280. Pursuant to RSA 280:3, the plaintiffs, contractors on the affected projects, appealed the commissioner's determination regarding projects entitled "Rochester LS 1824(4), P-2882-A No. 1 and No. 2." After a de novo hearing on July 27, 1978, the review board voted to uphold the $8.21 rate. On rehearing, the board reaffirmed the $8.21 rate.

Because three months had passed since the commissioner set the original wage rate, the public works and highways department requested that the labor commissioner again make a minimum wage rate determination for both projects. On September 1, 1978, the commissioner, relying on the board's decision of August 24, determined that the original wage of $8.21 was still appropriate. The

plaintiffs appealed this decision to the board, which upheld the rate after a hearing in October 1978. The plaintiffs now ask this court to review the board's decision. We note that RSA 541:2, which provides for appeals from board decisions when "so authorized by law," does not apply in this case. *Connell's New & Used Cars, Inc. v. State*, 117 N.H. 531, 532, 375 A.2d 257, 258 (1977). Certiorari, however, will lie. *Kalloch v. Board of Trustees N.H. Retirement System*, 116 N.H. 443, 362 A.2d 201 (1976). In reviewing the board's decision, we consider the procedures followed by the commissioner, whose decision was appealed to the board.

RSA 280:1 requires that with respect to public works contracts over $500,000 the commissioner must determine wage rates "based on wages . . . prevailing . . . on projects of a character similar to the contract work in the city, town, village or other civil subdivision in which the work is to be performed. . . ." In performing his duties under the statute, the commissioner correctly and routinely has considered contracts worth both more and less than $500,000. However, he has adhered to a policy of excluding contracts under $100,000 from his consideration by calculating the wage rate based only on projects over that amount. At the October 20, 1978, hearing before the appeal board, the commissioner justified the $100,000 exclusionary rule on the ground that the statutory phrase "projects of a character similar" refers to the *amount* of the project contract rather than to its *nature*. We reject this position. This court has held that minimum wages set under RSA 280:1 are to be determined by standards similar to those used under the Federal Davis-Bacon Act. *Associated General Contractors of N.H., Inc. v. State*, 113 N.H. 292, 306 A.2d 204 (1973). We therefore regard federal decisions interpreting the Davis-Bacon Act standard of "projects of a character similar to the contract work," 40 U.S.C. § 276a(a), as relevant.

In *Tennessee Roadbuilders Ass'n v. Marshall*, 446 F. Supp. 399, 402 (M.D. Tenn. 1977), the court said, "The 'character similar' language . . . requires only that the Secretary's determination reflect the similarity of the *labor* to be performed under government contracts to other labor being performed in the locality. . . ." (emphasis added). We agree.

We now consider the appeal board's decision. If a record contains enough information to permit evaluation of the review process, an agency's determination can be sustained in the absence of detailed findings. *See Sugar River Savings Bank v. State*, 115 N.H. 145, 335 A.2d 663 (1975). If the findings below are insufficient,

however, the case must be remanded. *Trustees of Lexington Realty Trust v. City of Concord,* 115 N.H. 131, 336 A.2d 591 (1975). Although the board allowed evidence concerning contracts under $100,000, it is unclear from the record whether such contracts were ever considered in its decision. Indeed, the board's approval of $8.21, which is exactly the same rate set by the commissioner, suggests that contracts under $100,000 did not enter into the board's calculations. We therefore hold that the commissioner or the board, in using the $100,000 exclusionary rule, acted beyond the limited discretion granted by the statute, *see Kimball v. N.H. Bd. of Accountancy,* 118 N.H. 567, 391 A.2d 888 (1978).

Further, we note that the findings of the board are significantly at variance with the United States Department of Labor's recent lower wage rate determination under the federal Davis-Bacon Act. The disparity between the board's wage rate and that of the department of labor suggests that the board did not use procedures "similar to those used under the Davis-Bacon Act." *Associated General Contractors of N.H., Inc. v. State,* 113 N.H. at 294, 306 A.2d at 206.

We remand to the appeals board for a determination in accordance with this opinion.

*Remanded.*

GRIMES, C.J., did not sit.