Department of Public Works and Highways
No. 81-312

### APPEAL OF JAMES E. CONNOLLY, JR.
### (New Hampshire Department of Public Works and Highways)

July 14, 1982

*Cullity & Kelley,* of Manchester (*John C. Boeckeler* on the brief and orally), for the plaintiff.

*Gregory H. Smith,* attorney general (*Mark H. Puffer,* assistant attorney general, on the brief and orally), for the State.

BATCHELDER, J. This action challenges the decision of the commissioner of the department of public works and highways (commissioner) that the plaintiff was not entitled to certain "in-lieu-of" relocation payments. *See* RSA 233-A:3 III (now codified at RSA 230:36 III); *see also* 42 U.S.C. § 4622(c) (1976). We uphold the decision of the commissioner.

Prior to August 15, 1980, the plaintiff operated two gasoline service stations in Manchester, New Hampshire, pursuant to lease agreements with the Sun Oil Company of Pennsylvania (Sun Oil). At that time, the State took by eminent domain a portion of the land upon which one of the service stations was located. Under the terms of the plaintiff's lease agreement, all compensation for the taking was paid to Sun Oil. Although, as a displaced person, the plaintiff was entitled to actual reasonable expenses for moving his business, *see* RSA 233-A:3 I (now codified at RSA 230:36 I); *see also* 42 U.S.C. § 4622(a) (1976), he decided not to relocate his business and sought a

payment in lieu of relocation. *See* RSA 233-A:3 III (now codified at RSA 230:36 III); *see also* 42 U.S.C. § 4622(c) (1976). After the initial denial of the in-lieu-of payment, the plaintiff requested a hearing before the commissioner. After that hearing on May 22, 1981, the commissioner denied an in-lieu-of payment, because he found that the plaintiff ran "a commercial enterprise having at least one other establishment not being acquired . . . , which is engaged in the same or similar business." *See* RSA 233-A:3 III(b) (now codified at RSA 230:36 III(b)); *see also* 42 U.S.C. § 4622(c)(2) (1976). In his letter denying the in-lieu-of payment, the commissioner stated that he had consulted with officials of the Federal Highway Administration (FHWA), who administer the federal counterpart to the New Hampshire relocation assistance program, concerning their interpretation of the "commercial enterprise" limitations.

■■ Although this action purports to be pursuant to the provisions of RSA ch. 541, such appeals can be brought only when "authorized by law." *See* RSA 541:2. Finding no such authorization, we will, as is our practice, consider this a petition for a writ of certiorari, *see Appeal of MacEachran*, 121 N.H. 1070, 1071, 438 A.2d 302, 303 (1981); *R. S. Audley, Inc. v. State*, 119 N.H. 795, 797, 408 A.2d 410, 411 (1979). The plaintiff is limited to a determination of whether the commissioner acted "illegally in respect to jurisdiction, authority or observance of law," *Connell's New & Used Cars, Inc. v. State*, 117 N.H. 531, 532, 375 A.2d 257, 258 (1977) (quotations omitted), and our review of the facts is limited to "whether the finding or verdict could reasonably have been made." *Id.* (citations omitted).

■ The commissioner had sufficient facts before him to reasonably have found that the plaintiff failed to meet the "commercial enterprise" requirement. Although the records for both service stations were kept separately, the plaintiff owned and managed both stations using the names "Connolly's Motor Marts I and II." Both service stations were leased from Sun Oil and sold the same products.

■ The plaintiff's argument that his due process rights were violated is based on his allegation that an FHWA regional administrator, not the commissioner of the department, made the decision. It is clear from the transcript of the plaintiff's hearing before the commissioner, however, that the commissioner understood that the decision was his to make. It was not improper for him to consult with FHWA officials with regard to the "commercial

enterprise" requirement, since the New Hampshire relocation payment program, RSA ch. 233-A (now codified at RSA 230:33–43), was closely patterned after the federal program, 42 U.S.C. § 4621–55 (1976). *Cf.* RSA 233-A:2 II (now codified at RSA 230:35 II) (inconsistent State provisions will be superseded by federal act when necessary to qualify for federal funding.) The actions of the commissioner and FHWA do not present evidence that improper pressure was applied to the State that might taint the commissioner's decision. *Cf. In re Jack O'Lantern, Inc.*, 118 N.H. 445, 449, 387 A.2d 1166, 1168 (1978).

*Petition denied.*

All concurred.