Ballot Law Commission, } No. 3649.
      Jan. 25, 1947.

## PETITION OF MARY C. DONDERO.

*Devine & Millimet* (*Mr. Millimet* orally), for the petitioner.

*Waldron & Boynton* (*Mr. Waldron* orally), for the intervenor.

KENISON, J. The contention that section 1 of chapter 414 of the Revised Laws grants an appeal in all instances where a different procedure is not expressly provided ignores the provisions of section 2 that the uniform procedure adopted by that chapter applies only when "authorized by law." The provisions of this chapter do not provide an appeal from the determination of every administrative agency in the state. Unless some reference is made to chapter 414

in any given statute, an appeal under the provisions of chapter 414 is not "authorized by law." Consequently the decisions of the Ballot Law Commission are not reviewable by this court under R. L., c. 414.

However, treating the petition as being properly amended as a petition for a writ of *certiorari* (*Nelson* v. *Morse*, 91 N. H. 177), we proceed to the question of the jurisdiction of this court in the premises. At the outset we are confronted with the constitutional provision that "the senate shall be the final judges of the elections, returns, and qualifications, of their own members . . . " N. H. Const., Part Second, *art.* 35. This provision has previously been construed to mean exactly what it says and the court has heretofore declined to rule upon election contests after a member has been seated by the Senate. *Opinion of the Justices*, 56 N. H. 570; *Opinion of the Justices*, 56 N. H. 574. A similar provision governs the House of Representatives, *art.* 22, and has been similarly construed. *Bingham* v. *Jewett*, 66 N. H. 382; *Eastman* v. *Jewett*, 66 N. H. 624. Both of these constitutional provisions were copied from the Massachusetts constitution (*Orr* v. *Quimby*, 54 N. H. 590, 622), and have been construed by the Massachusetts court as precluding it from reviewing the determination of the Legislature as to the election of its members. *Greenwood* v. *Board of Registrars*, 282 Mass. 74.

It is well settled that a provision in a state constitution providing that each house of the State Legislature shall be the judge of the election and qualification of its members, vests the Legislature with sole and exclusive power in the premises and deprives the courts of jurisdiction of such matters. See cases collected in 107 A.L.R. 205, 209; Mass. Election Cases, 1923-1942 (Howard *ed*) *passim*.

The judicial construction of article 1, section 5, of the constitution of the United States constitutes each House of Congress the sole and exclusive judge of the election and qualifications of its own members and deprives the courts of jurisdiction to determine such matters. *Barry* v. *United States*, 279 U. S. 597; *Opinion of the Justices*, 60 N. H. 585, 586; *Opinion of the Justices*, 80 N. H. 595, 606.

The general rule as to the exclusive jurisdiction of the Legislature may be subject to some limitations. "Here the question under consideration concerns the exercise by the Senate of an indubitable power; and if judicial interference can be successfully invoked it can only be upon a clear showing of such arbitrary and improvident use of the power as will constitute a denial of due process of law. That condition we are unable to find in the present case." *Barry* v. *United States, supra*, 620. If a ballot law commission should issue a certificate

of election to a candidate who had died the day before election, there is authority that the court would have the power to rectify this futile act as was done in the case of *Madden* v. *Election Commissioners of Boston*, 251 Mass. 95. No such exceptional situation is involved in the present case.

Not involved in this proceeding and to be distinguished are cases in which this court has corrected errors of law in municipal election contests (*Broderick* v. *Hunt*, 77 N. H. 139), primary contests (*Nelson* v. *Morse*, 91 N. H. 177; *O'Brien* v. *Fuller*, 93 N. H. 221), or has construed other parts of the constitution which effect generally the qualifications for election to the office of State Senator. *Barker* v. *Young*, 80 N. H. 447.

While the court can review the findings and rulings of the Ballot Law Commission, its decision in this case would be of doubtful service to the parties and advisory only to the Senate as "the final judges of the elections" (*art.* 35) of their own members. This is so because our constitution makes the Senate a judicial body for the determination of the election of its members and, at least in the absence of a denial of due process of law, the decision is "final." "If the founders of the government had intended to give the court a part of the power which they vested in the house [Senate], they would have had no difficulty in expressing their purpose." *Bingham* v. *Jewett*, 66 N. H. 382, 384.

Since the petitioner may apply to the Senate for a reexamination of the disputed ballots, the writ of *certiorari* is denied. It is unnecessary to decide, under the facts presented, whether this is required by constitutional provisions or done in the court's discretion.

*Petition dismissed; certiorari denied.*

All concurred.