Special Board,
No. 6313.

THEODORE HILTON AND LAKE KANASATKA ASSOCIATES, INC.

*v.*

SPECIAL BOARD AND G. RONALD THOMPSON.

December 7, 1971.

*Cooper, Hall & Walker* ( *Mr. Richard F. Cooper* orally ) and *Nighswander, Lord, Martin & KillKelley* ( *Mr. David J. Kill-Kelley* orally ) for the plaintiffs.

*Warren B. Rudman*, Attorney General, and *Donald W. Stever, Jr.*, Attorney ( *Mr. Stever* orally ), for the Special Board.

*David R. Decker* ( by brief and orally ) for G. Ronald Thompson.

GRIFFITH, J. On September 15, 1971 this court denied a request by the plaintiffs under RSA 541:18 for a suspension of an order of the Special Board created by Laws 1969, 387:6 as amended by Laws 1971, 329:1. *Hilton* v. *Thompson,* 111 N.H. 293, 281 A.2d 325 ( 1971 ). We set down the matter for argument on the merits of plaintiffs' appeal at the October term noting that briefs of counsel indicated some confusion as to what statutory authority the board acted on and what statute governed the plaintiffs' appeal.

An initial application with the Special Board seeking permission to fill certain areas along the shore of Lake Kanasatka was filed by G. Ronald Thompson on January 21, 1971. A public hearing was advertised, and held on April 7, 1971. At the public hearing opposition was voiced by plaintiff Hilton and other persons, some of whom are now members of plaintiff Associates, Inc. It appeared that the area Thompson proposed to fill consisted of a swampy area and that in addition he proposed to create a beach and put in piers to provide docking facilities for some thirty boats. The board denied the original request but indicated they would approve a modified plan to create a beach and informed him that his plans for the pier should be submitted to them. Without further hearing they approved the modified plan then submitted by Thompson. This permitted the construction of a beach with some three thousand yards of sand and gravel and the piers for the docking of the boats. This was approved July 7, 1971 and after the objectors heard of it various protests were lodged with the board. The protests were treated by the board as a petition for rehearing which it denied.

The appeal of the plaintiffs was brought under the provisions of RSA 541:6 which provides for direct appeal to the supreme court from the denial of a petition for rehearing by various commissions including the Water Resources Board. It appears that neither RSA 482:41-e( supp. ), 482:41-f nor RSA ch. 483-A( supp. ) dealing with the placing of fill in or erection of wharves and piers in public waters now provides for an appeal under RSA 541:6. "Although the plaintiffs have mistaken their remedy, our practice permits consideration of their petition as one for writ of certiorari, entitling them to the limited determination . . . . " ( *Winn* v. *Jordan,* 101 N.H. 65, 67, 133 A.2d 485, 487 ( 1957 ) ) of whether

the Special Board has acted "illegally in respect to jurisdiction, authority or observance of the law." *Cloutier* v. *State Milk Control Board*, 92 N.H. 199, 203, 28 A.2d 554, 557 ( 1942 ); *see State* v. *Salvucci Inc.*, 110 N.H. 502, 272 A.2d 854 ( 1970 ).

RSA ch. 483-A( supp. ) was originally enacted by Laws 1967, ch. 215. It was concerned only with tidal waters and gave the New Hampshire Port Authority jurisdiction over petitions to excavate or fill "any bank, flat, marsh or swamp in and adjacent to tidal waters." Laws 1969, ch. 387 removed the limitation to tidal waters by substitution of the phrase "any waters of the state" for "tidal waters." RSA 483-A:1 ( supp. ). In addition jurisdiction was then transferred from the New Hampshire Port Authority to the Water Resources Board ( Laws 1969, 387:5 ) and a Special Board was created to carry out "the provisions of law conferring upon the water resources board authority to decide matters relative to resources of the state, including but not limited to excavating, dredging and filling waters of the state." ( Laws 1969, 387:6 ).

The Special Board thus created is composed of the Water Resources Board and nine other state officials concerned with state resources or their designees. Laws 1969, 387:6. Originally the Special Board was to cease functioning on July 1, 1971 but this limitation was removed by Laws 1971, 329:6. Until 1970 appeal from an order of the Special Board was under RSA 541:6, as attempted by the plaintiffs here, but Laws 1970, 22:3 substituted appeal to the superior court under the same procedure as provided for zoning appeal by RSA 31:74-87, inclusive.

RSA 482:41-e( supp. ) through -i governs the placing of fill in great ponds. This statute was first enacted in 1955 ( Laws 1955, ch. 244 ) probably with the intention of dealing with the problem of land created in great ponds by unauthorized fill pointed out in the case of *State* v. *Stafford Company*, 99 N.H. 92, 105 N.H. 569 ( 1954 ). RSA 482:41-e( supp. ) forbids the placing of fill below the mean high water mark of any public waters "with the intent or with the effect of creating or forming filled land thereby adjacent to such water bodies . . . . "

RSA 482:41-f requires as a prerequisite to the placing of such fill a petition to the Governor and Council which is then referred to the Water Resources Board with provisions for notice to interested parties and a public hearing by the Water Resources Board. Following this, upon recommendation of the Water Resources Board the Governor and Council "may, for just con-

sideration, grant to an owner of shoreline on public waters, the right to place fill in the bed of such pond before his shoreline. " The statute provides for the recording of such grant in the county where the right is to be exercised and ownership in the grantee of the land created by the fill. The parties' briefs and arguments have demonstrated that the governing statutes need to be clarified and amended and we concur in this observation.

Conceivably there may be cases in which the line of demarcation between jurisdiction of the Governor and Council and Water Resources Board under RSA 482:41-e( supp. ) and 41-f and of the Special Board under RSA ch. 483-A( supp. ) will be unclear. In the present case, however, jurisdiction is fairly clear from the purposes and language of the two statutes.

The evident purpose of RSA 482:41-e( supp. ) through-i is to deal with cases where an owner of property adjacent to public waters proposes to acquire land from the public waters by filling out into the pond or lake. When it is permitted the Governor and Council in effect deed the new land to the owner in return for compensation to the State for the public waters taken by the filling. RSA 482:41-e( supp. ) excluded from the jurisdiction of the Governor and Council "such other minor improvements of shorelines as the water resouces board by regulations may allow. "

On the other hand the purpose of RSA ch. 483-A( supp. ) as set forth in the amendment contained in Laws 1970, 22:1 ( RSA 483-A:1-b( supp. )) is to "protect and preserve its submerged lands . . . and its wetlands. " The statute refers particularly to excavating and filling of banks and swamps in and adjacent to waters and includes "any swamp or bog subject to periodical flooding by fresh water including the surrounding shore. " RSA 483-A:1-a( II )( supp. ).

The permit granted by the Special Board to Thompson to create a beach would not result in acquisition of land by him from the public waters and could properly be considered by the Special Board as a minor improvement of the shoreline within their jurisdiction to grant. It was a minor improvement within the regulations adopted by the Special Board January 29, 1970. RSA 482-41-e( supp. ); 483-A:4-a( I )( supp. ). Accordingly we hold that the permit to fill here granted was within the jurisdiction of the Special Board.

The permit to erect piers and docking facilities for approximately thirty boats is in a different category. RSA ch. 483-A ( supp. ) only grants the Special Board jurisdiction over petitions

to excavate, remove, fill or dredge. A previous grant of authority to the Water Resources Board over wharves and piers was revoked by Laws 1970, 22:5 ( RSA 482-41-e( supp. )) and specifically reserved for grants by the Governor and Council. " The provisions of this subdivision shall apply to the construction of wharves or piers. " *Id.* Whether this provision is intended to require a petition to Governor and Council for the private dock of every cottage on a lake or pond may be questionable, *see Dolbeer* v. *Company,* 72 N.H. 562, 565, 58A. 504, 506 ( 1904 ). More probably the statute is intended to apply to facilities of the size and capacity here sought to be authorized. In any event the Special Board has no jurisdiction to authorize the erection of this wharf or pier. It follows that their order authorizing the erection of the wharves and piers by Thompson is invalid and he may not proceed in reliance on it.

*Petition dismissed.*

GRIMES, J., did not sit; the others concurred.