Department of Safety
No. 7727

CONNELL'S NEW & USED CARS, INC.

v.

THE STATE OF NEW HAMPSHIRE

June 20, 1977

*Sheehan, Phinney, Bass & Green* and *Lee W. Mercer* (*Mr. Mercer* orally), for the plaintiff.

*David H. Souter,* attorney general, and *Anne E. Cagwin,* of Concord, attorney (*Ms. Cagwin* orally), for the state.

DOUGLAS, J. ■ This is an action challenging the suspension for one year of the plaintiff's permit to inspect school buses. An unannounced school bus inspection conducted by the department

of safety, division of motor vehicles on November 26, 1976, revealed various defects in two buses which had been inspected and passed by the plaintiff during the previous month. A hearing was held before the division of motor vehicles, at which it was determined that pursuant to RSA 260:14 V (Supp. 1975) the plaintiff's inspection privileges as to all vehicles would be suspended for a period of one month, and its school bus inspection privileges would be revoked for one year. The plaintiff requested a rehearing, which the department denied. The plaintiff then brought an appeal before this court under the provisions of RSA ch. 541, which provide for direct appeal to the supreme court from the denials of petitions for rehearing by various commissions only when such action is "authorized by law." RSA 541:2; *Tasker v. N.H. Personnel Comm'n*, 115 N.H. 204, 338 A.2d 543 (1975); *Petition of Dondero*, 94 N.H. 236, 51 A.2d 39 (1947). No such authorization is present in the instant case, however, and the provisions of RSA ch. 541 are therefore not available to the plaintiff. *Tasker supra; Hilton v. Special Board*, 111 N.H. 381, 284 A.2d 917 (1971); *Winn v. Jordan*, 101 N.H. 65, 133 A.2d 485 (1957).

 Where a chapter 541 petition is incorrectly brought, however, our practice permits us to consider it as a petition for a writ of certiorari, entitling the plaintiff to the limited determination of whether the commission in question acted "illegally in respect to jurisdiction, authority or observance of law." *Winn v. Jordan*, 101 N.H. at 67, 133 A.2d at 487; *Cloutier v. State Milk Control Bd.*, 92 N.H. 199, 203, 28 A.2d 554, 557 (1942). Certiorari may be invoked to review issues of fact only upon the restricted inquiry whether the finding or verdict could reasonably have been made. *Id.; Goldsmith v. Kingsford*, 92 N.H. 442, 32 A.2d 810 (1943). In the instant case, there is evidence in the record to support the department's findings that a kingpin found defective in one of the subject buses in July of 1976 was not corrected in the plaintiff's October inspection, and that tire defects found by the department in November in two buses inspected by the plaintiff had existed at the time of the plaintiff's inspection and had not been corrected. In view of these findings, together with the additional consideration that a warning had been issued to the plaintiff in October of 1976 for violations of the inspection regulations

unrelated to the violations herein, we cannot say that the penalty imposed by the department was unlawful.

*Petition denied.*

All concurred.