Original
No. 7760

RALPH A. WILSON *& a.*

v.

THE STATE OF NEW HAMPSHIRE
PERSONNEL COMMISSION

June 19, 1978

*Brown & Nixon P.A.*, of Manchester (*David W. Hess* orally), for the plaintiffs.

*David H. Souter*, attorney general (*Stephen J. McAuliffe*, attorney [Rule 23] orally), for the defendant.

PER CURIAM. This is a petition for a writ of certiorari by State police detectives of various ranks contesting the failure of the personnel commission to assign them a labor grade higher than State police line officers of identical rank.

The State police is organized into two departments: the traffic bureau staffed by line officers, and the detective bureau staffed by detective officers. In each bureau the officers hold various ranks, such as corporal, sergeant and lieutenant. There has been a one labor grade differential in favor of detective officers over line officers of the same rank since 1962 when detective positions were first created. This differential was continued when separate bureaus were established in 1972. However, in October 1974, this differential was eliminated at the request of the commissioner of safety by elevating all line officers by one labor grade.

In August 1975, the commissioner of safety requested the personnel department to conduct a review of all classified positions within the division of State police. The review resulted in a report by Director of Personnel Lang. Among other changes he recommended a return to the one labor grade differential in favor of detective officers over line officers and that detectives be given a uniform allowance. The commissioner of safety objected in writing. After conferring with the commissioner, Lang was persuaded to change his recommendation to one not providing for any differential in labor grade between detective and line officers.

Plaintiffs appealed to the personnel commission under RSA 98:14. After hearings the commission denied the appeal on January 14, 1977, and on February 4, 1977, denied plaintiff's motion for rehearing. Plaintiffs then filed this petition for certiorari.

It should be made clear at the beginning that we are dealing here with a petition for a writ of certiorari and not with a statutory appeal under RSA ch. 541. The standard of review established in cases dealing with statutory appeals is therefore not relevant here. The test to determine whether to grant a writ of certiorari is whether

the "agency has acted illegally in respect to jurisdiction, authority or observance of the law . . . or has abused its discretion or acted arbitrarily, unreasonably or capriciously." *Slayton v. Personnel Comm'n*, 117 N.H. 206, 208, 371 A.2d 1159, 1161 (1977). (Citations omitted.)

We are not at liberty to substitute our judgment for that of the commission or make findings de novo. *Carling Brewing Company v. State Liquor Commission*, 102 N.H. 284, 288, 155 A.2d 808, 812 (1959). Therefore, even if we would have come to a different conclusion from that of the agency, we cannot revise the agency decision if it could reasonably have decided as it did.

It is true that there was evidence which would support a contrary finding, but there is also evidence to support the finding that was made. In determining classifications, the director has established a procedure to evaluate positions on the basis of nine job factors. Points are assigned in relation to each factor, with the total point score determining the labor grade of the position. There is no question that detectives perform different functions from line officers and that they engage in in-depth investigative work and carry the primary responsibility for individual cases. But, whatever the differences in duties, the commission has determined that the differences in required judgment, skill, experience, and training are not so different as to justify a higher labor grade for detectives of the same rank. We cannot say that this determination is so lacking in reason as to suggest "arbitrary action" and we therefore cannot disturb it. *Winn v. Jordan*, 101 N.H. 65, 70, 133 A.2d 485, 489 (1957).

Plaintiffs argue that because the commission made no findings, we should hold its decision void. In this case the underlying facts are not in dispute. It is only the ultimate conclusions to be drawn from the facts about which there is disagreement. It is clear, even without specific findings, that the commission concluded that a higher labor grade for detectives was not warranted. Specific findings are not, therefore, required for us to determine the basis for the decision. *Foote v. State Personnel Comm'n*, 116 N.H. 145, 148, 355 A.2d 412, 414 (1976). *But cf. Vickerry Realty Co. Trust v. City of Nashua*, 116 N.H. 536, 538–39, 364 A.2d 626, 628 (1976).

Plaintiffs' argument that the commission violated its own rules is based upon the claim that the evidence would permit only one conclusion on some of the criteria factors. Because this claim must be rejected, as set forth above, the argument must fail.

*Petition dismissed.*