Board of Education
No. 83-411

## PETITION OF GERARD GAETJENS
### (New Hampshire Board of Education)

December 31, 1984

*McLane, Graf, Raulerson and Middleton P.A.*, of Manchester (*Jack B. Middleton* and *David M. Howe* on the brief, and *Mr. Howe* orally), for the petitioner.

*Nighswander, Martin, Kidder & Mitchell P.A.*, of Laconia (*Bradley F. Kidder* on the brief and orally), for the Northumberland School Board.

BATCHELDER, J. The petitioner was a teacher of foreign languages in the Groveton High School of the Northumberland School District. On February 17, 1983, the local school superintendent notified the petitioner that he would not nominate him for a teaching position for the 1983–84 school year. The petitioner requested and received a hearing before the Northumberland School Board, which sustained the superintendent's recommendation. An appeal to the State Board of Education followed, which affirmed the decision. In his petition for certiorari, the petitioner seeks a reversal of the ruling of the board of education. We affirm.

"The test to determine whether to grant a writ of certiorari is whether the 'agency has acted illegally in respect to jurisdiction, authority or observance of the law . . . or has abused its discretion or acted arbitrarily, unreasonably or capriciously.'" *Wilson v. State Personnel Comm'n*, 118 N.H. 424, 425–26, 387 A.2d 1160, 1161 (1978) (quoting *Slayton v. Personnel Comm'n*, 117 N.H. 206, 208, 371 A.2d 1159, 1161 (1977)). The petitioner claims that the local handling of his case was procedurally defective and that the school board's decision was not supported by substantial evidence. The petitioner contends that the board of education's affirmance of the local decision, in light of these defects, was arbitrary and capricious and hence must be reversed. The petitioner's claims lack merit.

The petitioner first claims that the nonrenewal of his con-

tract could not properly be affirmed because he was not timely notified during the 1982–83 school year by the school administration of its dissatisfaction with his performance, and thereby was denied a real opportunity to improve. The petitioner fails, however, to establish that the school district had any legal obligation to so notify him; nor are we aware of any such obligation. The school district was obligated to notify the petitioner before March 31, 1983, that it intended not to renew his contract, and to accord him a full and fair hearing if he so requested. RSA 189:14-a (Supp. 1983). We find that this obligation was discharged. We further note that the petitioner had received evaluations of his performance in prior years which notified him of the school district's displeasure with his performance. His claim that the nonrenewal decision must be overturned as an unjust surprise is thus factually, as well as legally, groundless.

■ "[A] reason [for nonrenewal of a teaching contract] may be arbitrary or capricious in that it is wholly unsupported by a basis in uncontested fact either in the statement of reasons itself or in the teacher's file." *Drown v. Portsmouth School Dist.*, 451 F.2d 1106, 1108 (1st Cir. 1971). The school board's stated reason for not renewing the petitioner's contract was his unsatisfactory teaching performance, which the board found was contributing to the problem of declining foreign language enrollments. The board of education affirmed this finding. The petitioner objects to the board of education's decision on the ground that the school board's finding was not supported by substantial evidence.

■ The petitioner argues that the decision lacked an evidentiary basis because the bulk of the evidence considered was not properly admissible. He also objects to the school board's consideration of performance evaluations conducted in prior years, written complaints about the petitioner sent to the school board by a student and a parent, and student complaints written after the petitioner was notified of the nonrenewal decision but before the school board hearing. Again, the petitioner fails to present any legal authority for his arguments. We see no impropriety or wrongful prejudice in the school board's consideration of this evidence. In light of all the evidence, including this disputed evidence, we find that the decision below is amply supported by the factual record.

*Affirmed.*

All concurred.