Original
No. 84-528

*In re* DAVID B.

(New Hampshire Division of Mental Health and
Developmental Services)

April 9, 1986

*New Hampshire Mental Health Law Clinic* and *Franklin Pierce Law Center Family and Housing Law Clinic*, of Concord (*David J. Trumble* and *Bruce E. Friedman* on the brief and orally), for the petitioner.

*Stephen E. Merrill*, attorney general (*Emily Gray Rice*, attorney, on the brief and orally), for the State.

BROCK, J. In this petition for certiorari, the petitioner, David B., challenges a decision of the New Hampshire Division of Mental Health and Developmental Services (the division) denying him eligibility for services provided by the Twitchell House, a group home run by the Central New Hampshire Community Mental Health Center (the mental health center). The principal issue raised on appeal is whether the division erred in denying the petitioner certification as a mentally ill person under New Hampshire Division of Mental Health & Developmental Services Rule ("Div. R.") He-M 401.02(k) or (o) (1983).

The petitioner is forty-two years old, and has had a great deal of involvement with the social service and criminal justice systems of New Hampshire. During the summer of 1984, while incarcerated at the Merrimack County House of Correction, the petitioner sought admission to the Twitchell House. The staff at the Twitchell House would only admit the petitioner if he was also able to participate in a day treatment program. The petitioner applied to a day treatment program operated by the mental health center, and was denied admission.

The petitioner appealed this decision to the mental health center, requesting emergency action on this appeal pursuant to Div. R. He-M 302.10(a). The mental health center denied the request for emergency action, and the denial was appealed to the division. The division also denied the petitioner's request for emergency action based on its finding that no serious harm would result to the petitioner if the appeal was heard on other than an emergency basis.

In September 1984, the petitioner filed a petition for injunctive relief and *ex parte* order with the Merrimack County Superior Court. On the same day, the Superior Court (*Bean*, J.) issued an order requiring the division to hold a hearing on the petitioner's eligibility. Following the hearing, the division rendered a decision affirming the mental health center's denial of certification of the petitioner as a mentally ill person. The division's decision was based upon its determination that the petitioner did not meet the certification criteria under Div. R. He-M 401.02(k) or (*o*). Thereafter, the petitioner filed this petition for certiorari.

 "The test to determine whether to grant a writ of certiorari is whether the 'agency has acted illegally in respect to jurisdiction, authority or observance of the law . . . or has abused its discretion or acted arbitrarily, unreasonably or capriciously.'" *Petition of Pelletier*, 125 N.H. 565, 569, 484 A.2d 1119, 1121 (1984) (quoting *Wilson v. State Personnel Comm'n*, 118 N.H. 424, 426, 387 A.2d 1160, 1161 (1978)). In reviewing administrative decisions by State agencies, deference is given to an agency's interpretation of its own regulations. *See Wilson, supra* at 426, 387 A.2d at 1161. However, this deference is not total. "We still must examine the agency's interpretation to determine if it is consistent with the language of the regulation and with the purpose which the regulation is intended to serve." *Pelletier, supra* at 569, 484 A.2d at 1121 (quoting *Cheshire Hosp. v. N.H.-Vt. Hosp. Service*, 689 F.2d 1112, 1117 (1st Cir. 1982)).

New Hampshire provides two different service systems for individuals with mental disabilities: (1) community mental health programs provide services for the mentally ill; and (2) area agencies deal with the developmentally disabled (most commonly, the mentally retarded). In order to be eligible for mental health programs, an individual must be certified mentally ill in accordance with Div. R. He-M 401 (established pursuant to RSA 126-B:7, III (Supp. 1985)). Eligibility requirements for area agency services are set out in Div. R. He-M 503 (established pursuant to RSA 171-A:3 (Supp. 1985)). Services from both systems may be combined if the applicant meets the certification requirements for each. Whether the peti-

tioner is eligible to receive services from the mental health provider is the issue in this case.

There is no dispute that the petitioner is eligible for services from the area agency pursuant to Div. R. He-M 503.03. However, area agency officials are convinced that the petitioner needs services provided by the mental health center to supplement their own efforts. The mental health center has denied the petitioner eligibility for mental health services, asserting that he does not meet the eligibility criteria set out in Div. R. He-M 401.02(k) and (o).

Div. R. He-M 401.02(c) provides that in order to be certified for placement in mental health center programs, an individual must meet certification criteria outlined in Div. R. He-M 401.02(k) or (o). Div. R. He-M 401.02(k) defines a "mentally ill person in need of long-term services," and Div. R. He-M 401.02(o) defines a "severely mentally ill person." Both definitions require, *inter alia*, that, as the fourth criterion, the applicant display signs and symptoms of a "psychiatric disorder." A psychiatric disorder is defined as "a mental disorder classified as an axis I disorder in the DSM III with the exception of (1) mental retardation, (2) substance use disorders, (3) adjustment disorders, and (4) V codes . . . ." Div. R. He-M 401.02(n).

In his decision denying the petitioner eligibility, the director of the division seems to indicate that the petitioner did not meet the certification criteria for either a "mentally ill person in need of long-term services" or a "severely mentally ill person" because the certification requirements under Div. R. He-M 401.02(k) and (o) exclude people who are mentally retarded. The director stated:

> "I conclude, after reviewing the information presented at the hearing and psychiatric reports, that [the petitioner] does not meet the certification criteria for either a 'mentally ill person in need of long-term service' or a 'severely mentally ill person' *as the certification requirements are specific in their exception of people who have mental retardation as an Axis I diagnosis."*

(Emphasis added.)

█ We believe that this interpretation misconstrues Div. R. He-M 401.02(n). Such an interpretation in essence implies that a mentally retarded person can never be eligible for services from both systems because he cannot meet the definitional requirements. Clearly, this cannot be the intent of the rule. It is more probable that Div. R. He-M 401.02(n) was enacted to prevent individuals who suffer from mental retardation from qualifying for mental health services merely by virtue of their retardation. For instance, the defi-

nition of mental illness under RSA chapter 171-A states "[a] mentally retarded person may be considered mentally ill provided that no mentally retarded person shall be considered mentally ill *solely by virtue of his mental retardation.*" RSA 171-A:2, XIV (1977) (emphasis added). Perhaps Div. R. He-M 401.02(n) would be clearer if it stated that "psychiatric disorder means, in the context of these rules, a mental disorder classified as an axis I disorder in the DSM III *for reasons other than* (1) mental retardation . . . ." Thus, a mentally retarded individual suffering from an axis I disorder for a reason other than mental retardation would meet the psychiatric disorder definition of Div. R. He-M 401.02(n).

While the division director may have considered other evidence bearing on eligibility, his decision indicates that the petitioner was denied eligibility based on a misinterpretation of Div. R. He-M 401.02(n). Although he states that "[t]he weight of psychiatric evidence is that [the petitioner's] diagnosis is retardation and there is little justification provided to support a 'psychiatric disorder' of chronic schizophrenia," the director's decision appears to be based upon his mistaken belief that a diagnosis of mental retardation excludes a petitioner from qualifying for mental health services.

■ We therefore remand to the division for reconsideration in light of this opinion. If, upon rehearing, the petitioner is found to have an axis I disorder for reasons independent of mental retardation, and meets the other definitional criteria under Div. R. He-M 401.02(k) or (*o*), he must be certified as mentally ill and provided with services by the mental health center.

*Remanded.*

All concurred.