Original
No. 86-289

PETITION OF THE STATE EMPLOYEES' ASSOCIATION OF
NEW HAMPSHIRE, INC., THOMAS ROBINSON, & a.
(New Hampshire Personnel Appeals Board)

July 23, 1987

*William P. Briggs*, of Concord, general counsel, State Employees' Association of New Hampshire, by brief for the petitioners.

*Stephen E. Merrill*, attorney general (*Daniel J. Mullen*, assistant attorney general, on the brief), by brief for the State.

BROCK, C.J.   The issues raised by this petition for a writ of certiorari are (1) whether the New Hampshire Personnel Appeals Board (the board) improperly determined that the petitioners, Thomas Robinson *et al.*, were not entitled to a retroactive pay increase; and (2) whether the board erred in denying the petitioners a hearing on the merits of their appeal. For the reasons that follow,

we hold that the petitioners are entitled to retroactive pay as a matter of law.

In the fall of 1983, a number of mental health workers and certified nursing assistants employed at the New Hampshire Hospital requested that the New Hampshire Department of Personnel upgrade their classified positions to a higher labor grade. Almost two years later, in September 1985, the director of personnel notified the New Hampshire Hospital that the requested upgrade had been approved. Thereafter, a question arose as to whether many of the employees were eligible to receive retroactive benefits for time worked in the upgraded job classification while the request for the upgrade was being considered.

In February 1986, the New Hampshire Personnel Commission (now the personnel appeals board, RSA 21-I:45 (Supp. 1986)) ruled that "the mental health workers should be granted retroactivity in pay for those employees who remain in the same series of positions and providing that they have not left working for the employing agency." Later, in response to the request by the director of human resources at the New Hampshire Hospital for clarification of that ruling, the board stated that "only those employees who were in the Mental Health Worker series on March 30, 1984 and continuously remained in that series to September 13, 1985 (the date of the decision to upgrade the positions) are entitled to retroactive pay." Thereafter, the petitioner Thomas Robinson, a full-time painter, and other full-time employees at the New Hampshire Hospital, who regularly work overtime shifts as mental health workers on a part-time basis, were denied retroactive pay.

The petitioners appealed this denial to the board, requesting a hearing on the matter. The board determined that those employees who were not continuously employed in the mental health worker series on a full-time basis from March 30, 1984, until September 13, 1985, or who took positions outside the mental health worker series prior to September 13, 1985, were not eligible for retroactive compensation. In addition, the board denied the petitioners' request for a hearing. Following denial of their request for reconsideration, the petitioners filed the petition now before this court.

The underlying issue in this appeal is whether those employees who worked overtime shifts as mental health workers on a part-time basis anytime between March 30, 1984, and September 13, 1985, are entitled to retroactive compensation for time worked in the class during that period, even though their full-time positions were not as mental health workers. The petitioners argue that the board improperly determined that they were not entitled to

retroactive pay. Specifically, the petitioners contend that paying the employees two different wages for performing the same job denied the lower paid employees equal pay for equal work contrary to RSA 98:13, XIII (repealed Laws 1986, 12:12, I, eff. March 27, 1986) and *Slayton v. Personnel Commission*, 117 N.H. 206, 371 A.2d 1159 (1977). We agree.

█ The test we apply in determining whether or not to grant a writ of certiorari is whether the "'agency has acted illegally in respect to jurisdiction, authority or observance of the law . . . or has abused its discretion or acted arbitrarily, unreasonably or capriciously.'" *Wilson v. State Personnel Comm'n*, 118 N.H. 424, 425–26, 387 A.2d 1160, 1161 (1978) (quoting *Slayton v. Personnel Comm'n.*, 117 N.H. at 208, 371 A.2d at 1161). In *Slayton*, we recognized that paying some teachers $56 per day for doing work identical to that done by other equally qualified teachers who were paid only $50 per day does not constitute equal pay for equal work as required by RSA 98:13, XIII. 117 N.H. at 209, 371 A.2d at 1161. RSA 98:13, XIII, which governed during the time in question in the present case, provided that the director of personnel is

> "[t]o be responsible for the preparation, maintenance and revision of a position classification plan for all positions in the classified service, based upon similarity of duties performed and responsibilities assumed, so that the same qualifications may reasonably be required for, and the same schedule of pay may be equitably applied to, all positions in the same classification."

█ The State contends that because the petitioners were not technically members of the class of employees whose position was re-evaluated upward, they were not entitled to retroactive pay. We reject this argument. During the relevant time period, the petitioners, on a part-time basis, occupied the same positions and performed the same duties as full-time mental health workers. The "similarity of duties performed and responsibilities assumed," RSA 98:13, XIII, require that the petitioners receive the same corresponding retroactive pay benefits as did the full-time mental health workers. The fact that these part-time employees are now paid at the higher labor grade for overtime shifts they currently work further supports our holding. No reasonable explanation exists on the record presently before this court to justify treating the petitioners any differently than their full-time counterparts with respect to eligibility for a retroactive pay increase. As a result of the board's decision, the petitioners were denied equal pay for equal

work. RSA 98:13, XIII; *Slayton*, 117 N.H. 206, 371 A.2d 1159. Thus, we hold that the board erred as a matter of law in determining that the petitioners were not entitled to the retroactive pay increase.

Due to the result reached, we need not address the petitioners' argument that the board erred in denying them a hearing on the merits of their appeal. However, we remand this case to the board for a determination as to those employees entitled to the retroactive pay pursuant to this opinion, and the respective amount of retroactive pay each is to receive.

*Petition granted; remanded.*

All concurred.