Personnel Appeals Board
No. 88-166

PETITION OF ANN CRANE AND ANNE EATON
(New Hampshire Personnel Appeals Board)

October 9, 1989

*Michael C. Reynolds*, of Concord, general counsel, State Employees' Association of New Hampshire, Inc., by brief and orally, for the petitioners.

*Stephen E. Merrill*, attorney general (*David S. Peck*, assistant attorney general, on the brief and orally), for the State.

THAYER, J. The petitioners, Ann Crane and Anne Eaton, former and incumbent Directors of Workers' Compensation, respectively, appeal to this court from a decision of the New Hampshire Personnel Appeals Board (the Board) denying their request for an

upward adjustment in the salary grade of the position of Director of Workers' Compensation (the Director). We affirm the decision of the Board and dismiss the petition.

On June 9, 1986, the labor commissioner requested that the division of personnel review and upgrade the Director position from salary grade 26 to salary grade 28. On June 4, 1987, the Director at that time, Ann Crane, submitted a completed "Position Classification Questionnaire" to the division of personnel, in which she requested an upward adjustment of the "complexity of duties," "experience," "initiative," and "working conditions" evaluation factors. She stated that since the most recent review of the Director position, her responsibilities had increased as a result of "the return of self-insurance administration to the workers' compensation division, increases in the size of [the] division staff, and expansion of data and word processing equipment and activities." The Director's immediate supervisor recommended reclassifying the Director position at salary grade 30, not because the Director position had changed since the previous review, but rather, because he claimed that the position had been improperly classified during a previous review.

The division of personnel reviewed the position and denied the upgrade request on August 28, 1987. Shortly thereafter, Ann Crane retired and Anne Eaton became the new Director. Ann Crane and Anne Eaton subsequently appealed the adverse decision of the personnel division to the personnel appeals board. Petitioners limited their challenge on appeal to the degrees assigned to the complexity of duties, initiative, and working conditions factors, requesting that the Director position be upgraded to salary grade 29.

The petitioners argued that because the Board had reevaluated the workers' compensation hearings officer position in April of 1987 and had upgraded the degree assigned to the complexity of duties attribute, the Board should also reevaluate and upgrade the Director position, which "includes all the duties of the Hearings Officer position." According to the petitioners, in addition to performing many administrative, planning, and supervisory functions, the Director "is responsible for holding hearings on an emergency basis, as well as on a scheduled basis from time to time as volume requires." Furthermore, the petitioners alleged that because the Director functions as the highest classified employee of the division, and her "judgment, independent action and creative problem solving" are seldom reviewed by her superiors, the initiative factor should be reevaluated and upgraded accordingly.

Finally, the petitioners argued that since the working conditions of the Director position are identical to those of a hearings officer position, which has a higher rating, that factor should be reevaluated and upgraded as well.

Following a hearing, the Board denied the petitioners' appeal on January 25, 1988. The Board found, *inter alia*, that the Director's administrative and supervisory functions were properly evaluated and that, given the "limited scope" of the Director's hearing responsibilities, these responsibilities were insufficient to justify an increase in the complexity of duties factor. The Board similarly found that the "occasional nature" of the Director's contact with irate or mentally unstable claimants did not justify an increase in the working conditions factor. The Board further found that there was no need for an adjustment in the initiative factor. The petitioners now appeal the Board's rulings only as they pertain to the complexity of duties and working conditions factors.

As an initial matter, we address the appropriate standard of review applicable in this case. An appeal by petition pursuant to RSA 541:6 is permitted only where "so authorized by law." RSA 541:2; *see Petition of Dondero*, 94 N.H. 236, 236–37, 51 A.2d 39, 39–40 (1947); SUP. CT. R. 10. The current petitioners, claiming a right to appeal, cite RSA 21-I:58, II as the jurisdictional basis for it. We hold, however, that these proceedings are governed by RSA 21-I:57, which, unlike RSA 21-I:58, II, does not provide for appeal to this court.

RSA 21-I:57 (Supp. 1987), enacted by Laws 1986, 12:1 and effective at the time the petitioners filed this appeal, provided as follows:

> "HEARINGS AND APPEALS; CLASSIFICATION DE-
> CISIONS. The employee or the department head, or both,
> affected by the allocation of a position in a classification
> shall be given a reasonable opportunity to be heard by the
> director of personnel regarding the allocation, provided he
> shall first file a written request for reconsideration with
> the director. Any employee or department head, or both,
> dissatisfied with the decision of the director shall have a
> right to appeal to the personnel appeals board."

(current version, as amended by Laws 1988, 269:3, at RSA 21-I:57 (1988)). The petitioners argue that a decision by the Board as to the appropriateness of the labor grade assigned to a particular classified position, based upon an "evaluation" of the class of work which that position entails, is not a "classification decision" governed by RSA 21-I:57.

In *Winn v. Jordan*, 101 N.H. 65, 133 A.2d 485 (1957), this court considered an appeal factually similar to the present one. We noted in *Winn* that it was undisputed that the proceedings were governed by RSA 98:14 (the precursor to RSA 21-I:57), and that no appeal of the personnel commission's denial of the petitioners' request for a salary upgrade was "authorized by law." *Id.* at 67, 133 A.2d at 487 (citing *Petition of Dondero supra*). We, therefore, treated the purported appeal as a petition for writ of certiorari. *Id.*; *see also Wilson v. State Personnel Comm'n*, 118 N.H. 424, 387 A.2d 1160 (1978).

The petitioners, however, urge us to revisit *Winn* in light of regulations promulgated in 1983 which distinguish between "allocation" appeals and "evaluation" appeals. *See* N.H. ADMIN. RULES, Per 306.02(a), (c). The term "allocation" refers to the assignment of a particular position to a class within the classification plan. *Id.* Per 306.02(a); *see id.* Per 104.04. "Evaluation" refers to the point rating given to a particular class of work. *Id.* Per 306.02(c); *see id.* Per 101.20. The petitioners contend that evaluation appeals are not "classification" appeals governed by RSA 21-I:57.

We first question the petitioners' contention that Administrative Rule Per 306.02 indicates a *change* in the types of personnel appeals since the *Winn* (and *Wilson*) decisions. Rule Per 306.02 is identical in relevant part to Personnel Rule VI which was in effect as early as 1951, prior to the time that *Winn* was decided. Furthermore, we read the regulations as implicitly providing that a position may be "reclassified" when a reevaluation of the duties and responsibilities of the position results in a change in the labor grade assigned to that position. *See generally* N.H. ADMIN. RULES, Per 304.01(g). Administrative Rule Per-A 208 of the personnel appeals board rules, entitled *"Classification and Evaluation Appeals,"* states in subpart 208.01 that "[e]xcept as specifically set forth in this Part, the general rules contained in this Chapter shall apply to classification appeals." Presumably, if evaluation appeals were not also included in the more general term "classification appeals," the regulations would state that the rules shall apply to both types of appeals.

More importantly, the petitioners have failed to direct our attention to any change in the language of RSA 21-I:57 indicating that the legislature intended to grant them a statutory right of appeal. *See Petition of Dondero*, 94 N.H. at 236–37, 51 A.2d at 39–40 (appeal pursuant to RSA ch. 541 must be authorized by statute). In *Winn v. Jordan*, we treated what was clearly an "evaluation" appeal as being governed by RSA 98:14, which by its

terms applied to the personnel appeals of any employee "affected by the allocation of a position in a classification." When the legislature repealed RSA 98:14 and subsequently enacted RSA 21-I:57 (Supp. 1987), it chose to incorporate in the statute the above quoted phrase verbatim. *See* Laws 1986, 12:1 (current version codified as amended at RSA 21-I:57 (1988)). If our application of the statute in *Winn* was erroneous, the legislature certainly would have taken advantage of its ample opportunity to clarify its intent to exclude evaluation decisions from RSA 21-I:57 by amending the statute. Absent such legislative directive, we must interpret RSA 21-I:57 in accordance with our prior case law.

As a final note, we recognize that our determination that this case involves a classification decision governed by RSA 21-I:57 comports with the parties' own treatment of the proceedings below. The Board, in its notice of hearing, informed the petitioners that "[t]he Personnel Appeals Board, *under the authority of RSA 21-I:57*, will hear the above-noted classification appeal [on] Tuesday, January 12, 1988 . . . ." (Emphasis added.) Ann Crane then testified at the hearing in support of her "request for reclassification." The petitioners also referred to the proceeding as a "classification appeal" in their motion for reconsideration, and requested specifically that the Board grant the various degree adjustments sought, "thus reclassifying the position" to a new labor grade.

 The statute cited by the petitioners, RSA 21-I:58 (Supp. 1987), as effective at the date of this appeal, governed decisions which resulted in employees being "dismissed, demoted, or suspended, or otherwise affected by any action." Laws 1986, 12:1 (current version codified, as amended by Laws 1988, 269:4, at RSA 21-I:58 (1988)). The statute expressly authorized appeals pursuant to RSA chapter 541 of "[a]ny action or decision taken or made under this section." *Id.* The petitioners claim that the Board's decision in this case is encompassed by the general language "otherwise affected by any action." As stated above, however, the petitioners' appeal to the Board was governed by RSA 21-I:57, which does not provide for an appeal to this court. Where two statutory provisions conflict, the specific statute controls over the general one. *Appeal of Plantier*, 126 N.H. 500, 510, 494 A.2d 270, 276 (1985).

 Although the petitioners have mistaken their remedy, in keeping with prior, well-settled case law, we will treat their appeal as a petition for writ of certiorari. *Winn v. Jordan*, 101 N.H. at 67, 133 A.2d at 487; *see Connell's New & Used Cars, Inc. v. State*, 117 N.H. 531, 532, 375 A.2d 257, 258 (1977); *Appeal of Tamm*, 124 N.H.

107, 110, 469 A.2d 1291, 1293 (1983). Accordingly, the petitioners are entitled to the limited determination of whether the Board "exceeded its jurisdiction or authority, otherwise acted illegally, abused its discretion, or acted arbitrarily, unreasonably, or capriciously." *Petition of Bagley*, 128 N.H. 275, 282, 513 A.2d 331, 336 (1986).

Therefore, the only question before the court is "whether in the exercise of its classification powers the Commission has abused its discretion by arbitrary, unreasonable or capricious action." *Winn*, 101 N.H. at 68, 133 A.2d at 488. Clearly, it is not open to this court "to make findings *de novo*, or to revise those made by the Commission." *Id.* at 67, 133 A.2d at 487. This is particularly true where, as here, "[t]he issue is solely one of whether the duties and responsibilities of the positions have been properly evaluated in determining the labor grade assigned to the positions," because "[o]rdinarily the exercise of such a function is executive or administrative in its nature, rather than judicial." *Id.* at 67–68, 133 A.2d at 488; *see also Jeannont v. N.H. Personnel Comm'n*, 118 N.H. 597, 601, 392 A.2d 1193, 1195 (1978). Simply put, "even if we would have come to a different conclusion from that of the agency, we cannot revise the agency decision if it could reasonably have decided as it did." *Wilson v. State Personnel Comm'n*, 118 N.H. at 426, 387 A.2d at 1161; *see also Winn*, 101 N.H. at 70, 133 A.2d at 489.

Turning now to the merits of this appeal, after a thorough review of the record and exhibits filed in the case, this court holds that there is ample evidence to support the Board's decision to deny an increase in salary grade for the position of Director of Workers' Compensation in the New Hampshire Department of Labor.

We first address the Board's decision to deny an upgrade regarding the complexity of duties attribute. The petitioners contend that the Board misapplied the criteria used to evaluate this factor and specifically delineated in the State of New Hampshire Department of Personnel Evaluation Manual, by emphasizing the volume of the various duties performed, rather than the general ability or capability to perform the work if called upon to do so. Their argument is based, primarily, on the fact that the hearing examiner position was recently upgraded to the eighth degree, and that the Director is capable of conducting, and on occasion does conduct, hearings. It is undisputed that, though capable of conducting hearings and called upon to do so "on an emergency basis, as well as on a scheduled basis from time to time," the

petitioners do not spend the majority of their time holding hearings. There was testimony to this effect from both Peter Collins, the Deputy Labor Commissioner, and Edward McCann, the Classification and Compensation Administrator. In addition, Ms. Crane described "the most important activity or responsibility required" in her job as "[d]irecting the activities of the workers' compensation division; claims (including hearings and rehabilitation), coverage, data processing and administration." Conducting hearings is only one aspect of the Director position. Duties also include "a variety of administrative, supervision and policy setting activities." With this in mind, we conclude that it was entirely reasonable for the Board to consider the percentage of time actually spent performing the various activities required of the position. Obviously, if a small percentage of time is devoted to more complex tasks, while a greater percentage is spent on less complex aspects of the job, in the aggregate, the job will be ranked as less complex than one in which more complex duties are consistently performed. The Board specifically found that "[p]reparation of the biennial budget, administrative rule-making, and supervision of twenty staff members are functions properly addressed by the 7th degree." The fact that a single aspect of the Director position, *i.e.*, conducting hearings, may warrant a rating at the highest degree of complexity certainly does not mandate such a rating with regard to the overall complexity of the job.

Petitioners also argue that the testimony of Ms. Crane and Mr. Collins, who spoke in favor of the increase, was virtually uncontested. While it is true that Ms. Crane and Mr. Collins did advocate an upward adjustment in salary grade, it is equally true that the record contains evidence contrary to their position. More specifically, although he felt that the Director position was inadequately upgraded during its most recent review in 1984 or 1985, the Labor Commissioner did state that there had "not been any changes [in duty assignments] since the last review." In fact, the Board was presented with evidence from which it could conclude that the job had actually become easier. Apparently, the hearings officers, although currently trained by the Director, are now supervised by the Commissioner.

Furthermore, there is evidence in the record to indicate that the position of Director of Workers' Compensation was evaluated in light of other director positions within the entire system. Mr. Collins, in particular, pointed out in his testimony that the other director in the department of labor performs tasks similar to those of the workers' compensation director. Since the "other" director position holds a 7th degree classification rating, the Board could certainly find that the same rating was appropriate for the Director position currently at issue.

With the above discussion in mind, we conclude that there exists ample evidence in the record to justify the decision of the personnel appeals board regarding the complexity of duties attribute. At the very least, the petitioners' evidence "is not so conclusive as to demonstrate a plain error in judgment, suggestive of arbitrary action." *Winn*, 101 N.H. at 70, 133 A.2d at 489.

We now turn our attention to the Board's denial of an upgrade regarding the working conditions factor. The petitioners make much of the fact that in her August 28, 1987 letter to Mr. Kelly, Ms. Vogel, the director of personnel, stated "that the Working Conditions [attribute] might be raised to the 2nd degree." They also rely heavily on Mr. McCormack's assertion that the working conditions of the hearings officers and the Director are similar. The Board, however, was not required to consider this evidence in a vacuum. In its December 2, 1987 written arguments, the personnel division opposed an increase, stating that "[s]ince the Director has a variety of other administrative tasks and assignments, we believe that the first degree does describe the working conditions of the Director, Workers' Compensation." The division agreed that if the Director "spent all of her working time conducting hearings ... her position should be assigned the same as a Workers' Compensation Hearings Officer," but argued that, after evaluating the entire job, it found that an increase was not justified. Upon review and consideration of this evidence, the Board could reasonably have found that the time spent in other activities, *i.e.*, not conducting hearings, merited a first degree working conditions rating, and that the limited amount of time devoted to holding hearings was insufficient to warrant an increase in the *overall* working conditions rating.

We cannot say as a matter of law that the record in this case establishes arbitrary, capricious, unreasonable or illegal action by the Board.

*Petition dismissed.*

All concurred.