Personnel Appeals Board
No. 90-412

### APPEAL OF MARY KAY DUMONT AND KATHY VELOSKI
### (New Hampshire Personnel Appeals Board)

November 7, 1991

*Michael C. Reynolds*, of Concord, general counsel, State Employees' Association of New Hampshire, Inc., by brief for the petitioners.

*John P. Arnold,* attorney general (*David S. Peck,* senior assistant attorney general, on the brief), by brief for the State.

## MEMORANDUM OPINION

BROCK, C.J.   This is an appeal by petition pursuant to RSA 541:6 by Mary Kay Dumont and Kathy Veloski of the decision of the New Hampshire Personnel Appeals Board (Board) denying their request for retroactive pay. We reverse.

In 1988, petitioners Mary Kay Dumont and Kathy Veloski both held positions titled counter clerk I in the bureau of title and anti-theft in the New Hampshire Department of Safety (DOS). In February of 1988, counter clerk I positions in another bureau of the DOS were reclassified and upgraded. However, the positions held by the petitioners were not upgraded until October 1988 because the required position questionnaires for the petitioners' positions were not delivered to the director of personnel in a timely fashion, due to an administrative error. When the petitioners' November 22, 1988 request that the director of personnel award retroactive pay was denied on December 8, 1988, they appealed to the Board, the Board denied their request, and this appeal followed.

The petitioners rely upon RSA 21-I:58, I (Supp. 1990) and RSA 541:6 as the jurisdictional basis for their right to appeal. "An appeal by petition pursuant to RSA 541:6 is permitted only where 'so authorized by law.'" *Petition of Ann Crane,* 132 N.H. 293, 296, 564 A.2d 449, 450 (1989) (quoting RSA 541:2). We conclude, however, that this appeal is governed by RSA 21-I:57, which provides:

> "The employee or department head, or both, affected by the allocation of a position in a classified plan shall have an opportunity to request a review of that allocation in accordance with rules adopted by the director under RSA 541-A, provided such request is made within 15 days of the allocation. If a review is requested by an employee, the director shall contact the employee's department head to determine how the employee's responsibilities and duties relate to the responsibilities and duties of similar positions throughout the state. The employee or department head, or both, shall have the right to appeal the director's decision to the personnel appeals board in accordance with rules adopted by the board under RSA 541-A. If the board determines that an individual is not properly classified in accordance with the classification plan or the director's rules, it shall issue an

order requiring the director to make a correction."

RSA 21-I:57; *see Petition of Ann Crane supra.*

■■ Unlike RSA 21-I:58, II, RSA 21-I:57 does not provide for an appeal to this court. *Petition of Ann Crane supra.* Although the petitioners have mistaken their remedy, we will treat their appeal as a petition for writ of certiorari. *See Petition of Ann Crane,* 132 N.H. at 298, 564 A.2d at 452; *Winn v. Jordan,* 101 N.H. 65, 67, 133 A.2d 485, 487 (1957). "Accordingly, the petitioners are entitled to the limited determination of whether the Board 'exceeded its jurisdiction or authority, otherwise acted illegally, abused its discretion, or acted arbitrarily, unreasonably, or capriciously.'" *Petition of Ann Crane, supra* at 299, 564 A.2d at 452 (citing *Petition of Bagley,* 128 N.H. 275, 282, 513 A.2d 331, 336 (1986)).

The State asserts *inter alia* that: (1) the only issue that was raised in the motion for reconsideration and, therefore, was preserved for appellate review is that the Board failed to distinguish the instant case from *Appeal of Roanne Harlow,* No. 89–150 (summarily affirmed, July 24, 1989); and (2) the Board properly upheld the director's decision to deny the petitioners' request for retroactive pay.

Upon reviewing the record, we observe that the petitioners in their request for reconsideration assert that

"[i]t is our position that a distinct difference exists between a group trying for retroactive pay on the coattails of other[s] . . . and that of employees whose request was bungled by admission of the department involved.

"In the first case, we believe employees clearly were saying 'me too,' whereas in the second case a mistake by their department caused their request to not be forwarded with the other holding the same title."

Clearly, the petitioners raised the issue that they were seeking retroactive pay which was not paid to them because of an administrative error. Accordingly, we find that this issue is adequately preserved for our review. *But cf. Appeal of Campaign for Ratepayers Rights,* 133 N.H. 480, 484, 577 A.2d 1230, 1233 (1990).

■ In further reviewing the record, we find that an administrative error caused the delayed delivery of the petitioners' position classification questionnaires to the director of personnel. Due to this mistake and through no fault of the petitioners, their position and

salary upgrades were delayed. We fail to find a reasonable explanation for the denial of retroactive pay to the petitioners. As a result of an administrative mistake, the petitioners were deprived of the salary upgrade for several months and are entitled to retroactive pay, *see Petition of State Employees' Assoc. & Robinson*, 129 N.H. 554, 556, 529 A.2d 974, 975 (1987). Thus, we hold that the Board acted unreasonably in denying the petitioners' request for retroactive pay. Accordingly, we reverse its decision.

*Reversed.*

All concurred.